# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3857 | **DATE** | 12/22/2004 |
| **CASE TITLE** | Adams vs. Nationscredit Financial | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth on the attached Memorandum Opinion and Order, the Court denies in part and grants in part defendants' motion for summary judgment (23-1) and denies plaintiff's motion for summary judgment (26-1). The motion to extend time (0-1) is terminated. Summary judgment is granted in favor of Equicredit Corporation of America on all claims and in favor of Bank of New York on Adams' ICFA claim. Summary judgment is otherwise denied. Status hearing set to 1/10/05 at 9:30 a.m. for the purpose of setting a prompt trial date on the remaining claims.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 28 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 34 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT | | |
| | OR / courtroom deputy's initials | COURT | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MATTHEW ADAMS,                                )
                                              )
            Plaintiff,                        )
                                              )
    vs.                                       )    Case No. 03 C 3857
                                              )
NATIONSCREDIT FINANCIAL SERVICES              )
CORPORATION, doing business as                )
EQUICREDIT CORPORATION OF                     )
ILLINOIS; EQUICREDIT CORPORATION              )
OF AMERICA; FAIRBANKS CAPITAL                 )
CORPORATION; and BANK OF NEW                  )
YORK, as trustee,                             )
                                              )
            Defendants.                       )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Matthew Adams has sued his mortgage lender, its assignee, and the loan servicer claiming he was deprived of his rescission rights in violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, and its implementing Federal Reserve Board Regulation Z, 12 C.F.R. § 226, when he was required to sign at the closing of his loan both a form describing his right to cancel within three days and a form "confirming" that he was not cancelling the transaction. Adams also alleges that this practice violated the Illinois Consumer Fraud Act ("ICFA"). 815 ILCS 505/2. He seeks to rescind the mortgage loan with regard to each defendant and to obtain statutory damages from defendants Nationscredit Financial Services Corporation ("Nationscredit") and Equicredit Corporation of Illinois ("Equicredit"). This case is before the

1

Court on both defendants' and plaintiff's motions for summary judgment. For the reasons stated below, the Court denies in part and grants in part defendants' motion for summary judgment and denies Adams' motion.

## Facts

On June 6, 2000, Adams obtained a $32,100 mortgage loan from Nationscredit, which used the trade name "Equicredit." The loan proceeds were used to pay for home improvement work. Defendant Bank of New York, a federally chartered corporation with its principal place of business in New York, holds title as assignee to Adams' loan. Defendant Fairbanks Capital Corporation ("Fairbanks"), a Utah corporation that does business in Illinois, is the servicer of Adams' note and mortgage.

Adams alleges that at the closing of his loan, the closing agent presented him with and required him to sign both a Notice of Right to Cancel form and a Confirmation form. The signed Notice of Right to Cancel, dated June 6, 2000, informed Adams that he had a "legal right under federal law to cancel this transaction, without cost, within three business days." Pl's 56.1 Stmt., Ex. E. The Confirmation, which Adams signed but did not date (the form does not provide a line for the date), states:

> The undersigned, having been given due notice as required by Federal Law, hereby confirm(s), in all respects, a real mortgage loan made to him/her/them by Lender named on the reverse hereof on the date the notice on the reverse hereof was signed, warrants that more than 3 business days have elapsed since receipt of the "Notice of Right to Cancel" and further warrant(s) that the undersigned has/have not rescinded or cancelled said real estate mortgage loan transaction or given notice of rescission or cancellation of said transaction.

Pl's 56.1 Stmt., Ex. D (footnote omitted).

Both parties agree that Cynthia Mitchell was likely Adams' closing agent. Though

2

Mitchell does not recall performing Adams' loan closing, Mitchell Dep. at 115-16, she was employed as a loan closer with Law Title Insurance Company at the time of the closing, and her signature and notary seals appear on the closing documents. *Id.* at 81-84. Mitchell testified that the fact that she had signed and dated the documents indicates that she was probably the closing agent at the loan. *Id.* at 87.

Adams claims that the agents at the closing told him it was standard to sign the Confirmation at that time. Adams Dep. at 79. He says that he questioned this practice because he did not feel it made sense to "give [him] three days and take them away" at the same time. *Id.* at 79. Adams testified that he was aware of his three day right to cancel and chose not to exercise it "[a]t that time"– i.e., at the closing. *Id.* at 74-75. According to Adams, he returned the day after the closing to pick up the checks for the loan proceeds and did not sign any more documents at that time. Pl's 56.1 Stmt. at ¶ 6. The title company has no record indicating when Adams returned to pick up the checks or that he signed documents on a separate occasion.

Mitchell testified that she would have been the person to provide the Confirmation to the borrower, and that she would have done so when he came back to pick up his check. Mitchell Dep. at 115-16. Though Mitchell did not recall whether there were circumstances under which she would have provided the Confirmation at the loan closing, *id.* at 116, she stated that it was custom and practice for the borrower to pick up the check three days after the closing, *id.* at 94. Adams' loan was disbursed June 12, 2000. Def's 56.1 Stmt. at ¶ 17.

Adams contends that by requiring him to sign at the closing a form stating that his three-day rescission period had passed and that he had chosen not to rescind the loan, the defendants deprived him of his right to rescind in violation of TILA. He claims he is entitled to rescind the

loan under 15 U.S.C. § 1641(c) against Nationscredit, Equicredit of Illinois, Bank of New York, and Fairbanks, and to obtain statutory damages against Nationscredit and Equicredit pursuant to 15 U.S.C. § 1635(g) for their failure to rescind his loan. Adams also brings a claim under the ICFA, 815 ILCS 505/2, contending that all defendants, except Fairbanks, engaged in unfair and deceptive acts and practices that deprived him of his TILA mandated rescission rights.

## Discussion

### 1. Defendants' Motion for Summary Judgment

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In determining whether a genuine issue of material fact exists, the Court must construe all facts and draw all reasonable and justifiable inferences in favor of Adams, the non-moving party on this motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

#### a. Claims against Nationscredit and Equicredit

Adams' first contention is that the defendants' actions at the closing violated TILA's "clear and conspicuous" notice requirement. TILA was passed primarily as an aid to the unsophisticated consumer. *Thomka v. A.Z. Chevrolet, Inc.*, 619 F.2d 246, 248 (3rd Cir. 1980). It is designed to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601.

4

Under TILA, a debtor who secures a loan on primary residential property has "the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms . . . whichever is later." *Id.* § 1635(a). A debtor must receive notice of her right to rescind "on a separate document that identifies the transaction and . . . clearly and conspicuously disclose[s]" the debtor's rights. 12 C.F.R. § 226.23(a)(3). A creditor that fails to comply with these requirements is liable for damages, *id.* § 1640(a), and the debtor's right to rescind is extended up to three years after the transaction, *id.* § 1635(f); 12 C.F.R. § 226.23(a)(3). TILA and its implementing regulations allow the consumer to waive his three-day right to rescind only where a "bona fide personal financial emergency" requires an immediate extension of credit. 12 C.F.R. § 226.23(e).

For the purposes of their motion for summary judgment, the defendants concede that Adams signed both the Notice of Right to Cancel and the Confirmation at his closing. They argue that even if Adams were able to establish that he signed both documents at the closing, that would not violate TILA. Defendants argue that requiring a borrower to sign at the closing a confirmation of noncancellation does not constitute a *per se* violation of TILA; they urge the Court to undertake a fact-specific inquiry into the circumstances of Adams' transaction to determine whether a violation occurred.

Defendants cite several cases to support their position that the Court should consider such factors as whether the borrower understood his right to cancel the loan, whether the borrower wished to rescind his loan during the three-day period, and whether the lender performed any actions during the three-day period that violated TILA. *See Smith v. Highland Bank*, 108 F.3d 1325 (11th Cir. 1997); *Morris v. Lomas & Nettleton Co.*, 708 F. Supp. 1198 (D. Kan. 1989);

*Contimortgage Corp. v. Delawder*, No. 00 CA 28, 2001 WL 884085 (Ohio Ct. App. 4d July 30, 2001); *Boston Safe Deposit & Trust Co. v. Brooks*, No. 276176, 1993 WL 365939 (Conn. Super. Ct. Sept. 10, 1993); *Beneficial Mortgage Co. of Kansas, Inc. v. Taylor*, No. 66186, 1991 Kan. App. LEXIS 698 (Kan. Ct. App. Sept. 13, 1991). Defendants argue that because Adams, a home improvement contractor, is a sophisticated borrower who is familiar with his rescission rights and did not attempt to exercise his right to cancel during the statutory allotted three days, and because Equicredit did not disburse the loan until after the three-day waiting period, no violation occurred.

At least as many decisions, however, hold or indicate that requiring a borrower to sign a document at a closing waiving his right to cancel the transaction violates TILA by interfering with his right to receive clear and conspicuous notice. *See Rodash v. AIB Mortgage Co.*, 16 F.3d 1142, 1146-47 (11th Cir. 1994); *Latham v. Residential Loan Ctrs. of America*, No. 03 C 7094, 2004 WL 1093315, at *4 (N.D. Ill. 2004) (holding that a borrower making similar allegations stated a claim under TILA); *Pulphus v. Sullivan*, No. 02 C 5794, 2003 WL 1964333, at *15-16 (N.D. Ill. Apr. 28, 2003) (same); *Wiggins v. AVCO Fin. Servs.*, 62 F. Supp. 2d 90, 93-97 (D.D.C. 1999) (granting plaintiff's motion for summary judgment because requiring borrower to sign both forms at the closing was inherently confusing and violated TILA's clear and conspicuous notice requirements); *Mount v. Lasalle Bank Lake View*, 926 F. Supp. 759, 765 (N.D. Ill. 1996) (holding that a borrower making similar allegations stated a claim under TILA); *see also Smith v. Cash Store Mgmt., Inc.*, 195 F.3d 325, 332 (7th Cir. 1999) (noting in dicta that "when a lender informs a borrower of his right to rescind, but also contradicts this notice by telling the borrower that he had waived his right to rescind, the borrower may state a claim under [TILA]") (Manion,

J., concurring in part and dissenting in part).

Though the Seventh Circuit has not yet directly addressed this issue, it has provided some guidance by instructing that "hypertechnicality reigns" in the application of TILA. *See Cash Store Mgmt., Inc.*, 195 F.3d at 328. Additionally, the Seventh Circuit, like most courts interpreting TILA, maintains that disclosures made pursuant to the statute should be viewed from the vantage point of an ordinary consumer as opposed to that of a skilled or informed business person. *Id.* at 327-28. TILA is aimed at deceptive practices by lenders, not the subjective beliefs or actions of borrowers. Moreover, a plaintiff need not show actual harm to recover from technical violations of TILA, as they are strict liability offenses. *See Jefferson v. Security Pac. Fin. Servs.*, 161 F.R.D. 63, 70 (N.D. Ill. 1995). Thus, the relevant inquiry for determining whether defendants satisfied the TILA mandated disclosures is simply whether Adams was required to sign the Confirmation form at the closing and whether the form's language precluded clear and conspicuous notice of the right to rescind as TILA demands.

The Court agrees with defendants that providing the borrower with a form like the Confirmation at the closing is not by itself a violation of the statute. *See Highland Bank*, 108 F.3d at 1326-27 (holding that presenting a Confirmation form along with a Notice of Right to Cancel does not violate TILA's notice requirements). But the same is not true if the borrower is required to sign at the closing a document like the Confirmation that was presented to Adams, which contradicted the Notice of Right to Cancel. The Court agrees with the court in *Rodrigues v. Members Mortgage Co., Inc.* that such a practice "has the serious potential for actual harm." 323 F. Supp. 2d 202, 209 (D. Mass. 2004).

The Confirmation that Adams says he was required to sign at the closing warranted that

7

more than three business days have passed since receipt of the Notice of Right to Cancel and stated that he had elected not to rescind or cancel the loan transaction. The former statement was, quite simply, untrue; three days had not passed. The average borrower who was asked to sign such a statement document at the closing would be confused about whether he was still entitled to a three-day "cooling off" period. He likely would assume, with good reason, that by signing the Confirmation, he had given up his right to rescind the deal. *See Rodrigues*, 232 F. Supp. 2d at 209; *Wiggins v. Avco Financial Servs.*, 62 F. Supp. 2d 90 (D.D.C. 1999). Both beliefs are contradictory to the rights guaranteed by TILA.[1] For these reasons, the Court denies Nationscredit and Equicredit's motion for summary judgment on the TILA claim.

The defendants' motion is likewise denied as to Adams' ICFA claim. Defendants' only argument is that when the disclosure requirements of TILA are satisfied, a plaintiff cannot sustain a claim under ICFA. The Court's denial of summary judgment on the TILA claim thus requires denial of summary judgment on the related state law claim.

### b. Claims against Equicredit of America

Adams has agreed to dismissal of Equicredit Corporation of America as a defendant. Pl's Resp. at 13.

### c. Claims against Bank of New York

Adams does not contend that Bank of New York is liable for damages under TILA; rather he seeks to rescind the loan in the hands of Bank of New York pursuant to 15 U.S.C. § 1641(c). Bank of New York argues that under 15 U.S.C. § 1641(a), an assignee of a loan can be held

---

[1] Even if Adams were required to show actual confusion, there is evidence from which a fact finder reasonably could determine that he did not understand that he retained the right to cancel the transaction for three days following the closing.

liable only if the violation is apparent on the face of the disclosure statement. The defendants, however, fail to take into account that § 1641(c) creates an exception to the standard set forth in § 1641(a). *See Latham*, 2004 WL 1093315, at *6. Specifically, section (c) provides that "[a]ny consumer who has the right to rescind a transaction under section 1635 of this title may rescind the transaction as against any assignee of the obligation." 15 U.S.C. § 1641(c). Because Adams would be entitled to rescission against Bank of New York if he can prove that he was required to sign the Confirmation at the closing, Bank of New York is not entitled to summary judgment.

Adams also contends that he is entitled to rescission against Bank of New York under ICFA. But as defendants point out, the Illinois Supreme Court has held that the Act does not provide for a cause of action against a party who knowingly receives the benefits of another's fraud. Instead, liability attaches only if the party actually committed violations of the Act. *Zekman v. Direct American Marketers, Inc.*, 182 Ill.2d 359, 369-70, 695 N.E.2d 853, 859-60 (1998); *see also Latham*, 2004 WL 1093315, at *8. Because Adams has alleged no wrongdoing on the part of Bank of New York, the Bank is entitled to summary judgment on the ICFA claim.

### d. Claims against Fairbanks

Adams argues that he is entitled to rescind his loan in the hands of Fairbanks pursuant to both TILA and ICFA. He also asserts that Fairbanks is a necessary party in this action pursuant to Fed. R. Civ. P. 19 because parties having a substantial interest should be joined in suits to rescind the contract. Defendants counter that TILA provides that a servicer should not be treated as an assignee unless the servicer was or is the owner of the obligation. 15 U.S.C. § 1641(f)(1). They argue that although Fairbanks undoubtedly has an "interest" in the loan to the extent that it is the servicer, for the purposes of the statute, the only interest that matters is ownership. *See*

9

*Payton v. New Century Mortgage Corp.*, No. 03 C 333, 03 C 703, 2003 WL 22349118, at *5 (N.D. Ill. Oct. 14, 2003). Because Adams has submitted no evidence that Fairbanks has an ownership interest in the loan, Fairbanks maintains that it cannot be held liable under TILA. *See Walker v. Gateway Financial Corp.*, 286 F. Supp. 2d 965, 969 (N.D. Ill. 2003).

The Court agrees that Adams may not sue Fairbanks as an assignee, as he has made no allegation that Fairbanks has an ownership interest in his loan. The Court finds, however, that Fairbanks is an appropriate Rule 19 defendant and, as such, may remain in the case in order to enable Adams to obtain complete relief if he prevails. Rule 19(a) provides that a person shall be joined if "the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." Fed. R. Civ. P. 19(a)(2).

At this juncture, it would be premature to conclude that Fairbanks is not a necessary party, as it is possible that Fairbanks could attempt to foreclose on the loan that Adams is attempting to rescind. *See Hanks v. Equicredit Corp.*, No. 03 C 6524, order of Dec. 2, 2003 (N.D. Ill.); *Hurd v. First NLC Fin. Servs, L.L.C.*, No. 04 C 1088, order of Oct. 1, 2004 (N.D. Ill.). Because dismissing Fairbanks could impair Adams' ability to fully protect his interest and could likewise prejudice the interests of other parties involved, the Court denies Fairbanks' motion for summary judgment. The Court reiterates that Fairbanks is joined solely for the purpose of ensuring that the parties' interests are adequately protected; Fairbanks may not be held liable under TILA or ICFA.

## 2. Adams' Motion for Summary Judgment

Adams moves for summary judgment against all the defendants on his TILA claim. In deciding Adams' motion, the Court now views the evidence in the light most favorable to the defendants. We find that there exists a genuine issue of material fact as to whether Adams was actually required to sign the Confirmation at the closing.

The Confirmation form bearing Adams' signature is undated and, as noted earlier, states that three days have passed since the loan closing. Adams nevertheless maintains that he was required to sign this document at the closing. Adams Dep. at 76. He testified that he questioned the closing agent about this, as it did not make sense that he would need to sign the Confirmation at the closing. *Id.* at 79. According to Adams, the closing agent replied that the form was standard paperwork. *Id.* Adams further claims he did not sign any documents on the day he picked up the proceeds check. *Id.* at 52. In support of his position, Adams points out that the title company produced in discovery only one UPS shipping slip, dated the day of Adams' closing, which suggests that all closing documents were sent back to the lender at that time. Mitchell Dep. at 103-05. Mitchell testified that had she sent documents back to the lender at another time, there would have been a second UPS receipt, and that receipt would "typically" be placed in the loan file. *Id.* at 105-06.

Yet Mitchell also testified that her normal practice was to provide the Confirmation to the borrower when he came back to pick up his check. *Id.* at 115-16. She testified that it was customary for the borrower to pick up the check three days after the closing. *Id.* at 94.[2] Adams

---

[2] Adams argues that Mitchell's testimony is inadmissible and may not be considered by the Court because defendants failed to establish the necessary foundation required by FRE 406 for testimony concerning habit or routine practice. Pl's Resp. at 11. The Court disagrees.

11

did return to the title company to pick up his disbursement check at some point after the closing. Adams Dep. at 52. If the Court views the evidence in the light most favorable to defendants, a reasonable fact finder could determine that Adams was not required to sign the Confirmation at the closing. For this reason, the Court denies Adams' motion for summary judgment.

## Conclusion

For the reasons stated above, the Court denies in part and grants in part defendants' motion for summary judgment [docket no. 23] and denies plaintiffs' motion for summary judgment [docket no. 26]. The motion to extend time [0-1] is terminated. Summary judgment is granted in favor of Equicredit Corporation of America on all claims and in favor of Bank of New York on Adams' ICFA claim. Summary judgment is otherwise denied. The case is set for a status hearing on January 10, 2005 at 9:30 a.m. for the purpose of setting a prompt trial date on the remaining claims.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: December 22, 2004